﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 191011-38488
DATE: March 31, 2021

ORDER

Entitlement to special monthly compensation (SMC) based on the need for aid and attendance of another person is granted.

FINDING OF FACT

Resolving all reasonable doubt in his favor, the Veteran is so helpless as to be in need of regular aid and attendance of another person due to his service-connected disabilities.

CONCLUSION OF LAW

The criteria for entitlement to SMC based on the need for aid and attendance of another person have been met. 38 U.S.C. § 1114(l) (2012); 38 C.F.R. §§ 3.102, 3.350(b), 3.352 (2020).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1974 to June 1994. A rating decision was issued under the legacy system in October 2017. In September 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in November 2018. 

Thereafter, the rating decision on appeal was issued by the AOJ in June 2019. In the July 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

In December 2020, the Veteran and his spouse testified at a Board virtual hearing with the undersigned. A copy of the hearing transcript has been associated with the electronic claims file.

Entitlement to SMC based on the need for aid and attendance of another person 

SMC based on the need for aid and attendance of another is payable when the veteran, due to service-connected disability, is so helpless as to be in need of regular aid and attendance. 38 U.S.C. § 1114(l) (2012); 38 C.F.R. § 3.350(b) (2020). Pursuant to 38 C.F.R. § 3.352(a), the following criteria are to be considered for determining whether a claimant is in need of the regular aid and attendance of another person: (1) the inability of the claimant to dress himself or to keep himself ordinarily clean and presentable; (2) frequent need of adjustment of any special prosthetic or orthopedic appliance which, by reason of the particular disability, cannot be done without aid; (3) the inability of the claimant to feed himself through the loss of coordination of the upper extremities or through extreme weakness; (4) the inability to attend to the wants of nature; or, (5) a physical or mental incapacity that requires care and assistance on a regular basis to protect the claimant from the hazards or dangers incident to his daily environment.

A veteran need only show one of the enumerated factors identified in 38 C.F.R. § 3.352(a) to establish entitlement to aid and attendance. Turco v. Brown, 9 Vet. App. 222, 224 (1996). Moreover, it is only necessary that the evidence establish that the veteran is so helpless as to need regular aid and attendance, not that there be a constant need. The performance of the necessary aid and attendance service by a relative of the claimant or other member of his or her household will not prevent the granting of the additional allowance. 38 C.F.R. § 3.352(c).

The Veteran receives VA compensation benefits for the following disabilities: posttraumatic stress disorder (PTSD), sinusitis, diffuse degenerative lumbar disk disease, irritable bowel syndrome, renal calculi, right and left lower extremity peripheral neuropathy (in two separate nerves of each lower extremity), right inguinal herniorrhaphy residuals, and scars of the left hand, left temple and right ear status post multiple excisions for melanoma. His combined disability rating is 100 percent.

In a November 2016 medical statement, a private physician noted that pain associated with the Veteran’s lumbar and neuropathy disabilities since May 2015 had caused marked restriction of activities of daily living, marked difficulty in maintaining social function, and deficiencies of concentration, persistence, or pace resulting from frequent failure to complete tasks in a timely manner (in work settings or elsewhere) due to pain. VA SMC DBQ reports from both VA and private providers dated in August 2017, August 2018, and February 2019 detailed that the Veteran was unable to prepare his own meals, required medication management, and required assistance with bathing, tending to other hygiene needs, and dressing.

In a February 2019 statement, a private physician indicated that the Veteran’s condition now required full time care. It was noted that the Veteran required aid from his wife to administer medicines due to his loss of memory from PTSD. He was further noted to require aid while bathing, feeding, and dressing himself due to back disabilities, as he was unable to bend down. Finally, he required assistance to use the toilet and bath due to imbalance from his lower back disabilities. 

In a June 2019 VA SMC examination report, the examiner reflected that the Veteran had system impairments that affected his ability to protect himself from his daily environment, including difficulty bending, stooping, standing, and walking for long periods, twisting, and lifting. Range of motion of the lumbar spine was noted to be limited with difficulty bending, lifting, twisting, climbing, standing, and walking. After standing and walking five minutes, he must sit. Upon standing and walking, he was noted to lose his balance and at times get dizzy. He exhibited ataxic gait and abnormal weightbearing, losing balance when standing and walking. The Veteran was unable to walk without the assistance of another person, using a wheelchair, cane, and/or walker for ambulation. The examiner indicated that the Veteran was unable to perform bathing, toileting, grooming, and dressing/undressing. Activities of daily living were noted to require the assistance of his wife. Based on impairments associated with his service-connected lumbar spine and peripheral nerve disabilities, the examiner opined that the Veteran would benefit from aid and attendance of another person.

The Board finds that SMC for aid and attendance is warranted because the evidence shows that the Veteran is unable to dress himself or to keep himself ordinarily clean and presentable due to his service-connected disabilities. Evidence of record, including written statements and testimony from the December 2020 Board hearing, also clearly showed that the Veteran lives with his spouse and daughter while receiving 24/7 assistance from his spouse. She indicated that she no longer worked and acted as the Veteran’s full-time caregiver since 2016. 

(Continued on the next page)

 

Based on the foregoing discussion, the Board has determined that the evidence is at least in relative equipoise as to whether the Veteran’s service-connected disabilities cause him to be so helpless as to be in need of aid and assistance from others. Resolving all reasonable doubt in favor of the Veteran, entitlement to SMC based on the need for aid and attendance of another person is warranted. 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.102 (2020). Finally, whether the Veteran is entitled to SMC at the housebound rate is moot, as SMC based on the need for aid and attendance of another person is the greater monetary benefit. 38 U.S.C. § 1114(l), (s) (2012).

 

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. D. Deane, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.